IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-00955-WDM-BNB

TAVEESAK RUAMPANT,
SINEENAT RUAMPANT, and
TANIDA RUAMPANT, individuals,

Plaintiffs,

v.

KERRY MOYNIHAN,
PETER VARGAS,
STEPHANIE HANSEN, and
ADAMS 12 SCHOOL DISTRICT, a Colorado School District,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Defendants' Joint Motion to Stay Discovery** [Doc. # 20, filed 7/7/2006] (the "Motion"). The Motion seeks a stay of discovery pending a decision by the district judge on the defendants' *Motion to Dismiss* [Doc. # 13, filed 6/15/2006]. The *Motion to Dismiss* argues that the plaintiff's state law tort claims should be dismissed for a failure to comply with the requirements of the Colorado Governmental Immunity Act, sections 24-10-101 et seq., C.R.S. (the "CGIA"), and that the plaintiffs' federal law claim under 42 U.S.C. § 1983 should be dismissed because the plaintiffs have failed "to articulate with *specificity* the clearly established right and the conduct violating that right." Id. at pp.5-10.

The defendants argue that because the *Motion to Dismiss* asserts the defense of sovereign immunity a stay of discovery on the state law claims is required pursuant to the CGIA, which provides:

> If a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except any discovery necessary to decide the issue of sovereign immunity, and shall decide such issue on motion.

Section 24-10-108, C.R.S.

If the case involved only state law claims subject to the CGIA, the defendants' argument would have merit. The complaint also asserts federal law claims under section 1983, however, and the federal rules of civil procedure do not expressly provide for a stay of proceedings. Instead, Rule 26(c), Fed. R. Civ. P., confers discretion on a court to "make any order," including entering a stay, "which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense."

In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006) (same). Balancing these five factors leads me to the conclusion that the stay of discovery sought by the defendants should be denied.

The average time from the filing of a dispositive motion to its determination in this district in 2005 was 9.4 months. Consequently, the plaintiffs may suffer a substantial delay if discovery is stayed while the *Motion to Dismiss* is pending. In addition, motions to dismiss are denied more often than they are granted. Consequently, without attempting to prejudge the district judge's ruling on the *Motion to Dismiss*, it is more likely than not from a statistical point of view that a delay pending a decision on the *Motion to Dismiss* would prove unnecessary. A substantial delay in discovery could result in witnesses with faded memories; witnesses who have become unavailable; the loss of documentary evidence; and the like.

Defendants always are burdened when they are sued, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure. There is no special burden involved in this case.

A stay of discovery while the district judge decides the *Motion to Dismiss* could lead to substantial delays in the final adjudication of the case, should the *Motion to Dismiss* be denied. There is a clear preference for the speedy determination of civil actions, see Fed. R. Civ. P. 1, which might not be served by the requested stay.

I am not aware of any special concerns in this case for the interests of non-parties or the public at large. I note, however, that it generally is the policy of this district not to stay discovery pending a ruling on a motion to dismiss.

The parties agree that it is impractical to attempt to separate discovery on the federal law claim from discovery on the state law claims; they are all part of the same ball of wax. Consequently, if discovery proceeds at all, it should proceed on all claims.

Here, the factors specified in the <u>Renda</u> case tip heavily in favor of allowing discovery to proceed without delay. Consequently,

IT IS ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that a scheduling conference is set for **September 12, 2006, at 9:00 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. The parties shall confer and submit a proposed scheduling order consistent with the requirements of D.C.COLO.LCivR App. F on or before **September 5, 2006**.

Dated August 11, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge